UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00060-GNS-HBB

ALLIANCE ENERGY &
ENGINEERING CORPORATION                                                    PLAINTIFF

v.

RONNIE CHARLES RODGERS; and
R&R PLUS, LLC                                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Alliance Energy & Engineering Corporation's unopposed Motion for Summary Judgment (DN 35). For the reasons outlined below, the motion is **GRANTED**.

**I.      STATEMENT OF FACTS AND CLAIMS**

Plaintiff Alliance Energy & Engineering Corporation ("Plaintiff") filed this diversity action asserting claims for fraud, breach of contract, and unjust enrichment, and seeking damages against Defendants Ronnie Charles Rodgers ("Rodgers") and R&R Plus, LLC ("R&R Plus").[1] (Compl. 1-2, DN 1). Plaintiff is an oil and gas exploration company. (Pl.'s Mot. Summ. J. 2, DN 35 [hereinafter Pl.'s Mot.]). Rodgers held an interest in an oil and gas lease, which he sought to assign to Plaintiff for the sum of $230,000. (Pl.'s Mot. Summ. J. Ex. 4, DN 35-4 [hereinafter Contract]; Pl.'s Mot. Summ. J. Ex. 5, DN 35-5).

---

[1] Plaintiff's allegations concern the actions of Rodgers. R&R Plus appears to be the business through which Rodgers routed his business activities.

In the contract, Rodgers guaranteed the wells would produce at least seven barrels of oil per day for three years. (Contract 3). R&R Plus agreed to make a number of refurbishments to existing wells and promised to dig a new well. (Contract 2). Rodgers promised that if the wells did not produce the seven barrels per day for three years, it would either drill a new well or purchase a new well for Plaintiff. (Contract 3).

Rodgers provided Plaintiff with a purported geological report detailing the wells' production capabilities. (Pl.'s Mot. Summ. J. Ex. 6, ¶ 10, DN 35-6 [hereinafter Abinteh Aff.]). Rodgers misrepresented his past success in the oil and gas business and other facts about the wells purportedly drilled for Plaintiff. (Abinteh Aff. ¶ 15). Further, he concealed past disciplinary and regulatory action taken against him in Kentucky. (Abinteh Aff. ¶ 16).

In support of its allegations, Plaintiff has provided an indictment from the U.S. District Court for the Eastern District of Kentucky (the "Indictment") charging Rodgers with mail fraud, wire fraud, and violations of securities laws. (Pl.'s Mot. Summ. J. Ex. 7, DN 35-7 [hereinafter Indictment]). In relevant part, the true bill charges:

> It was the plan of RONNIE C. RODGERS and his associates to make a large amount of money in the oil and gas business in a manner flippantly referred to in the industry as "above the ground." This scheme involves making one's money as a promoter of oil and gas programs by keeping a portion of investor money, not by the actual production and sale of oil and gas. RONNIE C. RODGERS and his associates knew that the leases and geographical areas in which they were working would not produce enough oil and gas to provide a return of the investments, and that most investors would lose most, if not all, of their investment. The plan was to create an appearance of business legitimacy; obtain money from investors under falsely-created expectations of profit; obtain more money from investors than was necessary to drill the wells; go through the motions of drilling what the Operators expected to be dry holes or wells with minimal production; lull and placate complaining investors with various false excuses for non-production; use large sums of investor money for personal expenses and purchases; and ultimately, discontinue any contact with the investors.

(Indictment 3-4).

Rodgers was found guilty of these charges following a jury trial. (Pl.'s Mot. Summ. J. Ex. 8, DN 35-8). Now, Plaintiff's unopposed motion for summary judgment seeks to impose civil liability on Defendants for allegations mirroring those acts for which Rodgers was convicted in the Eastern District of Kentucky.[2]

## II.     JURISDICTION

The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

## III.     STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or

---

[2] On May 16, 2019, the Court issued a show cause order directing Defendants to respond to the motion within 30 days. (Order, DN 37). No response has been filed.

by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

This motion is unopposed, but "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) (citation omitted); *see also Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The Court need not, however, engage in an independent probing of the facts and may rely on the movant's unrebutted exposition of the evidence to infer that there is no genuine issue of material fact. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992); *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421, 2000 WL 1800475, at *3 (6th Cir. 2000) (per curiam).

Plaintiff has provided ample evidence that Defendants entered into an investment relationship identical to those described in the Indictment. The evidence takes the form of the contract between Plaintiff and Defendants, the lease assignment, the original lease, and the Abinteh Affidavit which, taken together, support Plaintiff's claims for fraud, breach of contract, and unjust enrichment. The Court has reviewed the evidence and, in the absence of any countervailing proof, concludes that no reasonable juror could conclude otherwise. Plaintiff is therefore entitled to summary judgment.

## V. CONCLUSION

1. For the reasons set forth above, Plaintiff's Motion for Summary Judgment (DN 35) is **GRANTED**, and judgment is entered in favor of Plaintiff on the issue of liability.

2. A telephonic conference is set for **July 12, 2019, at 10:30 AM CDT** before Chief Judge Greg N. Stivers. The Court will initiate the call.

Greg N. Stivers, Chief Judge
United States District Court

June 25, 2019

cc: counsel of record
R&R Plus, LLC, *pro se*
Ronnie C. Rodgers (No. 21811-032), *pro se*, FCI Forrest City Low, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 9000, FORREST CITY, AR 72336