UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00060-GNS

ALLIANCE ENERGY &
ENGINEERING CORPORATION                                                      PLAINTIFF

v.

RONNIE CHARLES RODGERS; and
R&R PLUS, LLC                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Notice of Filing of Damages Evidence (DN 41) as directed by the Court's Order (DN 39). For the reasons that follow, the Court awards Plaintiff damages in the amount of $230,000 for compensatory damages and $230,000 for punitive damages, plus pre- and postjudgment interest.

### I.     BACKGROUND

The relevant facts were set forth in the Court's Memorandum Opinion and Order granting summary judgment in favor of Plaintiff Alliance Energy & Engineering Corporation ("Alliance"). (Mem. Op. & Order, DN 38). In short, Alliance initiated this suit against Defendants Ronnie C. Rodgers ("Rodgers") and R&R Plus, LLC. ("R&R") (collectively "Defendants") asserting claims of fraud, breach of contract, and unjust enrichment. (Mem. Op. & Order 1; Compl. ¶¶ 25-38, DN 1). Alliance claimed that it entered into a contract with Defendants pursuant to which Alliance

1

paid $230,000 to Defendants in exchange for interests in an oil and gas lease. (Mem. Op. & Order 1; Pl.'s Mot. Summ. J. Ex. 4, DN 35-4 [hereinafter Contract]). Ultimately, it was uncovered that Defendants misrepresented the productivity and value of the relevant oil wells. (Mem. Op. & Order 2).

On June 25, 2019, the Court granted summary judgment in favor of Alliance and soon after directed it to submit admissible evidence of damages. (Mem. Op. & Order 5; Order, DN 39). On August 8, 2019, Alliance filed evidence of its damages including an affidavit of Alliance's President, Harrison Abinteh. (Pl.'s Notice Filing Damages Evid., DN 41). Specifically, Alliance has requested $230,000 in compensatory damages, $230,000 in punitive damages, prejudgement interest accruing at the rate of 8% per annum from March 14, 2016 to June 25, 2019, and postjudgment interest accruing at the rate of 6% per annum from June 25, 2019 until paid in full. (Abinteh Aff. ¶¶ 5-8, DN 41-1). Defendants have not responded.

## II.　DISCUSSION

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). When state substantive law governs a claim for relief, that state's law and decisions guide the allowable damages. *Id*. at 437 (citations omitted). In Kentucky, "[t]he fundamental rule in assessing damages for fraud is that the victim of fraud is entitled to compensation for every wrong which was the natural and proximate result of the fraud." *KSA Enters., Inc. v. Branch Banking & Tr. Co*., No. 5:14-CV-00182, 2015 WL 5611655, at *6 (W.D. Ky. Sept. 23, 2015), *aff'd*, 761 F. App'x 456 (6th Cir. 2019) (citing *Sanders, Inc. v. Chesmotel Lodge, Inc*., 300 S.W.2d 239, 241 (Ky. 1957)). Under contract law, "[d]amages are not recoverable for loss beyond an amount that the evidence permits

to be established with reasonable certainty." *Pauline's Chicken Villa, Inc. v. KFC Corp.*, 701 S.W.2d 399, 401 (Ky. 1985) (quoting Restatements (Second) of Contracts, § 352 (1981)).

Alliance's first and clearest claim for damages is a request for $230,000 in compensatory damages. (Abinteh Aff. ¶ 5). On this point, Alliance has provided an affidavit of Harrison Abinteh who states that Alliance paid Defendants a total amount of $230,000. (Abinteh Aff. ¶ 4). This contention is not contradicted by Defendants and is substantiated by the contract itself, which clearly indicated $230,000 as the purchase price. (Contract 1). Alliance has therefore demonstrated that it paid $230,000 to Defendants in reliance on the fraudulent misrepresentations of Rodgers. As such, this Court will award the requested compensatory damages in the amount of $230,000.

Alliance further requests punitive damages in the amount of $230,000. (Abinteh Aff. ¶ 6). Under Kentucky law, punitive damages are recoverable for "gross negligence or a 'wanton or reckless disregard for the lives, safety or property of others.'" *White v. Transp. Servs., Inc.*, No. 4:16-CV-00138, 2018 WL 1570817, at *2 (W.D. Ky. Mar. 30, 2018) (quoting *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 52 (Ky. 2003)). The award of punitive damages is not permissible for mere breach of contract; rather, the plaintiff must show that the defendant acted with "oppression, fraud, or malice." KRS 411.184(2), (4).

In this case, Alliance cannot recover damages under its contract claims but may be able to under its claim for fraud. It is undisputed at this juncture that Defendants' scheme was to misrepresent the economic viability of oil wells and leases in order to defraud investors. (Mem. Op. & Order 2). Clearly then, Defendants have demonstrated a reckless disregard for Alliance's investment. Alliance provided Defendants with $230,000 for the production of oil; instead,

Defendants appear to have squandered most of this money on personal expenses. (Mem. Op. & Order 2). Therefore, Alliance's request for punitive damages will be granted.

Once it is determined that punitive damages are appropriate under KRS 411.184, the trier of fact is charged with determining the amount of damages after considering:

> (a) The likelihood at the relevant time that serious harm would arise from the defendant's misconduct; (b) The degree of the defendant's awareness of that likelihood; (c) The profitability of the misconduct to the defendant; (d) The duration of the misconduct and any concealment of it by the defendant; and (e) Any actions by the defendant to remedy the misconduct once it became known to the defendant.

KRS 411.186(2).

Here, Rodgers fraudulently induced Alliance to invest in R&R even though he knew the investment would not be profitable and was based on his misrepresentation of the relevant facts. As such, each factor weighs in favor of a significant punitive damages award: there was a risk of serious financial harm to Alliance; Defendants were aware of this risk of harm; Defendants received $230,000 in profits; Defendants took steps to conceal their fraudulent actions; and there is no indication Defendants took any steps to remedy this misconduct. Based on these factors, the Court determines that an award of punitive damages proportional to the sum of compensatory damages is appropriate. As such, an additional $230,000 in punitive damages is awarded.[1]

Alliance next asks for an award of prejudgment interest accruing at the rate of 8% per annum from March 14, 2016, to June 25, 2019, and for postjudgment interest accruing at the

---

[1] Generally speaking, an award of punitive damages is best determined by a jury. Even so, the governing Kentucky statute, KRS 411.186, provides that the "trier of fact" can assess punitive damages, not just the jury. As such, other district courts applying Kentucky law have determined appropriate punitive damages awards in the absence of a jury determination. *See New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 612-CV-00091-GFVT-HAI, 2019 WL 4597500, at *7 (E.D. Ky. Sept. 23, 2019) (awarding punitive damages in a 1:1 ratio with compensatory damages); *Jackson v. Renfrow*, No. 1:13-CV-116-TBR, 2014 WL 5366110, at *3 (W.D. Ky. Oct. 21, 2014) (awarding punitive damages in a roughly 1:1 ratio with compensatory damages following the court's judgment on the pleadings against defendant).

statutory rate of 6% per annum from June 25, 2019, until paid in full. (Abinteh Aff. ¶¶ 7-8). In diversity cases in the Sixth Circuit, "federal law controls postjudgment interest but state law governs awards of prejudgment interest." *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000) (citing *Clissold v. St. Louis-San Francisco Ry. Co.*, 600 F.2d 35, 39 n.3 (6th Cir. 1979)). Regarding prejudgment interest, Kentucky law provides that "a judgment, including a judgment for prejudgment interest, shall bear six percent (6%) interest compounded annually from the date the judgment is entered. A judgment may be for the principal and accrued interest." KRS 360.040(1). Although the statute speaks in mandatory terms, Kentucky courts have held that "[a]n award of interest on unliquidated claims is subject to the discretion of the trial court." *Ison v. Robinson*, 411 S.W.3d 766, 774 (Ky. App. 2013) (citing *Nucor Corp. v. Gen. Elec. Co.*, 812 S.W.2d 136 (Ky. 1991)). There is no apparent reason in this instance to deviate from the statutorily recommended prejudgment interest rate of 6% per annum, and Alliance is awarded prejudgment interest from March 14, 2016, until the entry of the judgment.

Regarding postjudgment interest under federal law, 28 U.S.C. § 1961 "mandates the imposition of post-judgment interest, thus removing the award of such interest from the discretion of the District Court." *Bricklayers' Pension Tr. Fund v. Taiariol*, 671 F.2d 988, 989 (6th Cir. 1982) (citing *Clissold*, 600 F.2d at 39 n.3; *Blair v. Durham*, 139 F.2d 260, 261 (6th Cir. 1943)). As such, the Court awards Alliance postjudgment interest pursuant to the terms and requirements of 28 U.S.C. § 1961.

### III. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff is awarded damages against Defendants in the amount of $230,000 compensatory damages and $230,000 punitive damages for a total amount of $460,000, plus prejudgment interest on the compensatory damages

at the Kentucky statutory rate of 6% and postjudgment interest on the entire judgment pursuant to 28 U.S.C. § 1961. The Clerk shall strike this matter from the active docket.

*Greg N. Stivers, Chief Judge*
United States District Court

December 2, 2019

cc: counsel of record
    R&R Plus, LLC, *pro se*
    Ronnie C. Rodgers (No. 21811-032), *pro se*, FCI Forrest City Low, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 9000, FORREST CITY, AR 72336